LawLibrary

## IN THE SUPERIOR COURT
## OF GUAM

DR. JOEL JOSEPH,                          )     Special Proceedings Case no. SP0100-12
                                          )
                          Petitioner,     )
                                          )          **DECISION AND ORDER**
            vs.                           )
                                          )
GUAM BOARD OF ALLIED                      )
HEALTH EXAMINERS,                         )
                                          )
                          Respondent,     )
                                          )
_____

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on February 21, 2013 for judicial review of Respondent's June 13, 2012 decision. Petitioner Dr. Joel Joseph was represented by Attorney Mitchell F. Thompson. Respondent was represented by Assistant Attorney General Benjamin M. Abrams. After having reviewed the file and the papers and motions filed herein and received the arguments of the parties the court hereby issues the following decision and order voiding the Respondent's June 13, 2013 final decision because the Respondent failed to comply with the notice provisions of Guam's Open Government Law.

## BACKGROUND

The instant action arises out of a June 13, 2012 discipline decision by the Guam Board of Allied Health Examiners. On June 15, 2013, the Petitioner, pursuant to 5 GCA § 9241, filed a paper petitioning this court for judicial review / writ of mandate. The petition requested that the court issue an order:

1) staying the Respondent's disciplinary decision,

2) requiring Respondent to show cause why the disciplinary decision should not be set aside,

3) issuing a writ of review requiring Respondent to certify the record and proceedings of its

    disciplinary action,

4) vacating and setting aside the Respondent's discliplinary decision, and

5) awarding costs to Petitioner.

In support of these requests, on January 4, 2013 Petitioner filed a paper entitled, Petitioner's Opening Brief. In his brief Petitioner argues that:

1) he was deprived of a fair hearing because:

    a) the Respondent's board members were hostile and biased against him and should have been disqualified, and

    b) there was *ex-parte* contact between the prosecuting attorney and attorney general office;

2) Respondent violated the Open Government Law when it:

    a) prevented the disciplinary proceedings from being recorded, and

    b) failed to give adequate notice of the disciplinary hearing;

3) Respondent incorrectly decided Petitioner's motion to dismiss the charges against him;

4) The discipline imposed by the Respondent was unauthorized and excessive.

Petitioner asserts that the court is to apply a *de novo* standard of review.

On February 1, 2013, Respondent filed a paper in opposition to Petitioner's requests and opening brief. In its paper Respondent asserts that the standard of review is more deferential to its decision than a *de novo* review and argues that the court is required to uphold the board's decision unless it is not in accordance with law or supported by substantial evidence. His paper in opposition also disputes Petitioner's assertions of: board bias, *ex-parte* communication, due process, open government law violations, and excessive punishment.

On February 15, 2013, Petitioner filed a paper in reply to Respondent's opposition paper. In it Petitioner requests that the court, after reviewing the decision of the Respondent find that the Respondent's decision, when viewed in its totality, was fundamentally unfair. In support of this request the Petitioner reasserts its prior arguments and includes two new assertions of: counsel animus and a structural bias in the administrative code.

## DISCUSSION

### I. Standard of Review

In 2008 the Guam Supreme Court, reviewing an appeal from the Guam Superior Court's review of the disciplinary decision of the Guam Board of Dental Examiners, explained the standards of review that the Guam Superior Court is to apply to an administrative review writ of mandate. *Sule v. Guam Bd. of Dental Examiners*, 2008 Guam 20 ¶¶ 8--11. The court is to review *de novo* an administrative board's conclusions of law and affirm whether the board's findings of fact are supported by substantial evidence. *Id.* at ¶ 8. Assertions that a petitioner's rights were violated are reviewed *de novo*. *Id.* at ¶ 11.

### II. Open Government Law, Statutory Notice

Petitioner argues that Respondent failed to follow the notice mandates of Section 8107 of Title 5 of the Guam Code. In support of this he asserts that Respondent did not give the proper 48 hour notice and that it conducted business outside of the scope of its notice on April 17, 18, 19, 23, 24 and 24, 2012.

In opposition to this argument Respondent asserts and argues that Petitioner has waived this argument because he failed to raise it before the board below. He asserts that this argument is supported by Section 8115(c) of Title 5 of the Guam Code.

In reply Petitioner reasserts that the board failed to provide the statutorily mandated notice of the hearings. He argues that Respondent has misapplied Section 8815(c) of Title 5 of the Guam Code.

Chapter 8 of Title 5 of the Guam Code regulates the conduct of the Territory of Guam's commissions, boards, and agencies. 5 GCA §§ 8101-104. Section 8107 of that title mandates

that all meetings be proceeded by five working days of, "public notice, and a second public notice at least forty-eight (48) hours prior to the start of the meeting." *Id.* at § 8107. Section 8108 of Title 5 requires that a written notice must be:

1) delivered personally, or by mail, to each member of a public agency;

2) given to each newspaper of general circulation and broadcasting station which airs a regular local news program within Guam;

3) specify the time and place of the special meeting and the business to be transacted. *Id.* at § 8108. The same section proscribes that, "[n]o other business shall be considered at such meetings by the public agency."

Subsection 8115(c) of Title 5 of the Guam Code provides,

> Any interested persons may commence an action by mandamus, injunction or declaratory relief for the purpose of stopping or preventing a violation or threatened violation of this Chapter by members of an agency or to determine the applicability of this Chapter to actions or threatened future action of an agency

5 GCA § 8115(c).

In March of 2011 the Guam Supreme Court reviewing the mandates of the open government law explained that Section 8114 of Title 5 requires that a violation of the notice mandates of Section 8107, void the actions taken by the board. *Sule v. Guam Bd. of Examiners for Dentistry*, 2011 Guam 5, ¶ 14-15. Respondent does not dispute that Respondent did not provide adequate statutory notice for its disciplinary hearings. Nor does he dispute that these hearings were essential to its June 13, 2012, final decision.

On its face Section 8115(c) does not require that a violation of notice provisions be brought before the reviewing board prior to their being raised on a writ of mandate. 5 GCA § 8115(c). The court is unaware of any binding or persuasive precedent that requires that a board's failure to provide adequate notice is waived if it is not raised before that administrative board. Absent further showing by the Respondent the court is unable to affirm its decision to discipline Petitioner.

**III. Board Animus, Board Bias, Counsel Bias, Statutory Bias, Ex-parte Communications, Charging Deficiencies, Excessive and Unauthorized Discipline, and Recording Violation.**

Having found that the board below failed to provide adequate notice of its disciplinary hearings of the Respondent the remaining assertions of error are moot.

**IV. Costs**

Although in his initial paper Petitioner requests that he be awarded costs, his request is not supported by any assertion or argument in his supporting papers. Petitioner's request is denied.

### CONCLUSION

Based on the foregoing, the Court voids the June 13 2013, disciplinary decision of the Respondent board against the Petitioner.

SO ORDERED, this *18* day of __June__ 2013.

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify is a full true and original on file Clerk of the Date

JUN 1 8 2013

Teresita
Deputy Clerk